**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**The ESTATE OF JOHN LEE,
by and through Suzanne Lee,
Personal Representative,**

    **Plaintiff,**

**vs.**            **CASE NO.: 4:06-cv-006-SPM/AK**

**CENTRE POINTE HRC, LLC d/b/a Center
Pointe Health & Rehabilitation Center,
SBK CAPITAL, LLC and LIFE CARE
CENTERS OF AMERICA, INC.
OF TENNESSEE,**

    **Defendants.**
_____/

**ORDER DENYING MOTION FOR ATTORNEY FEES**

   **THIS CAUSE** comes before the Court upon the "Plaintiff's Motion for Attorney

Fees and Costs for Improvident Removal and Supporting Memorandum of Law" (doc.

20) filed February 14, 2006 and the response in opposition (doc. 21)[1] filed February 24,

2006.  At issue is the citizenship of two named defendants, both of which are limited

liability companies.  Plaintiff claims that Defendants improperly removed the case to

federal court based on diversity of citizenship and should therefore be liable for attorney

fees incurred in obtaining an order remanding the case.

   Plaintiff filed a suit in state circuit court against three defendants, Centre Pointe

_____

    [1]  Doc. 22 appears to be a duplicate of doc. 21.

HRC, SBK Capital, and Life Care Centers of America, alleging various violations of the Florida statutory rights accorded to her father, a nursing home resident.  Defendant Centre Pointe removed the case to federal court based on diversity of citizenship.  The complaint itself and an accompanying affidavit allege that both Centre Pointe and SBK Capital are limited liability companies, are citizens of Georgia, and have their principal places of business in Atlanta, Georgia.

Plaintiff moved to remand the case (doc. 11), arguing that Defendants failed to adequately allege citizenship of Centre Pointe and SBK Capital.[2]  Plaintiff cited the Eleventh Circuit's rule announced in Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004), that unincorporated entities such as limited liability companies are citizens of any state in which one of their members is a citizen.  Id. at 1022.  Plaintiff cited this rule without explaining exactly how Defendants failed to adequately allege citizenship; no allegation is made that any of the Defendants are actually Florida citizens.  The motion to remand argues only that Defendants failed to meet their burden and thus the case should not have been removed.

All three Defendants consented to the remand (docs. 15, 16, 17), and an order was entered immediately thereafter (doc. 18).  Plaintiff now files the instant motion for attorney fees, claiming that the original removal was improper.

It is the law in the Eleventh Circuit, as noted *supra*, that a limited liability company is a citizen of any state of which a member of the company is a citizen. Plaintiff's contention, then, must necessarily be that at least one member of Centre

---

[2] No objection is raised with respect to Life Care Centers of America.

Pointe and at least one member of SBK Capital is a citizen of Florida, which would

destroy diversity.  Plaintiff points to no evidence which would support this claim, instead

simply arguing that

> [T]he only basis for the assertion of diversity of citizenship was an affidavit
> of Keith M. Hoffman, Esq., counsel for Defendants.  Defendants also failed
> to file a Certificate of Interested Persons and offered no additional support
> for asserted basis of removal of absolute diversity of citizenship with
> respect to the members of the limited liability company Defendants,
> Centre Pointe, HRC, LLC and SBK Capital, LLC.  Rather, Defendants
> consented to Plaintiff's Motion for Remand.

Doc. 20 at 5, ¶ 17.  In its response, Defendants attach printouts from the Florida

Division of Corporations for Centre Pointe and SBK Capital.  Both companies share a

principal and mailing address in Atlanta, Georgia.  Both companies share a Georgia

address under the "Manager/Member" section.  The only Florida reference is to the

registered agent, C T Corporation System, in Plantation, Florida.  These printouts,

Defendants contend, are sufficient to show a good faith basis for removal, thereby

precluding the imposition of attorney fees.

28 U.S.C. § 1447(c) provides that an order of remand may include imposition of

costs and attorney fees incurred as a result of improper removal, but provides little

guidance as to when such fees are warranted.  The United States Supreme Court

recently granted certiorari to determine the proper standard for awarding attorney fees

when remanding a case to state court, Martin v. Franklin Capital Corp., 126 S.Ct. 704

(2005), ultimately holding that "absent unusual circumstances, attorney's fees should

not be awarded when the removing party has an objectively reasonable basis for

removal." Id. at 708.  The Court reasoned:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 711.  "In applying this rule," the Court stated, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  Id.  As an example, the Court cited a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction.  Id.

This case presents a close question as to whether removal was proper. Although the principal and mailing addresses of both companies are located in Georgia, the registered agent, a "C T Corporation System," resides in Plantation, Florida.  Further research shows that C T Corporation System is listed with the Florida Division of Corporations as a foreign entity with principal and mailing addresses in New York and Illinois, respectively, and with a registered agent address in Plantation, Florida.  It is listed with the Georgia Corporations Division as a foreign entity with a principal address in New York and a registered agent address in Atlanta.  Given that the principal and mailing addresses for Centre Pointe and SBK Capital are all in Atlanta, and that the corporations divisions of both Florida and Georgia consider these to be foreign in nature, the Court finds that Defendants had an objectively reasonable basis for removal.

On a peripheral note, Defendants attach to their response an exhibit showing that Plaintiff made the following proposal:

> I would suggest that you reconsider our proposal to mediate this case in light of the Judge staying all discovery.  It seems to me that all we are

> doing is wasting time and expense that could be better served resolving
> this claim.  We are willing to do a prompt mediation and would simply
> suggest that you simply consent to our Motion to Remand this case.

Doc. 21, exh. C.  It was based on this representation that Defendants filed their consent

to remand.  It is disingenuous for Plaintiff to urge Defendants to "simply consent" to the

remand—purportedly to work together to resolve the case—and then file a motion

seeking attorney fees implying that Defendants' consent acknowledges the weakness of

its basis for removal.  Such conduct is not well-taken.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's motion for attorney fees (doc. 20) is

hereby *denied*.

**DONE AND ORDERED** this <u>sixth</u> day of March, 2006.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

/pao